749 N.W.2d 499 (2008)
16 Neb. App. 671
STATE of Nebraska, Appellant,
v.
Emily M. HANSEN, Appellee.
No. A-07-1014.
Court of Appeals of Nebraska.
May 13, 2008.
*501 Shawn R. Eatherton, Buffalo County Attorney, and Michele J. Romero, for appellant.
No appearance for appellee.
SIEVERS, CARLSON, and MOORE, Judges.
SIEVERS, Judge.
[1] Emily M. Hansen pled no contest to driving while under the influence (DUI) with a blood alcohol content of .15 or greater, and the State sought to enhance such conviction to a second offense. Enhancement was denied by the county court for Buffalo County on the basis that Hansen's earlier conviction for refusal to submit to alcohol testing cannot be used to enhance the instant conviction to a second offense under Neb.Rev.Stat. § 60-6,197.03 (Supp.2005), because such conviction is not a "prior conviction" as defined under Neb. Rev.Stat. § 60-6,197.02 (Supp.2005). The county court's decision was affirmed by the district court for Buffalo County. The State sought leave to docket error proceedings, which we granted on September 24, 2007. Hansen has now moved for summary affirmance, which we hereby deny because the case is a matter of first impression and therefore not appropriate for summary disposition. However, we have determined that the case can be resolved without oral argument. See Neb. Ct. R. of Prac. 11 (rev.2006).

PROCEDURAL AND FACTUAL BACKGROUND
After denying enhancement, the trial court sentenced Hansen to a $500 fine and 60 days' incarceration on the DUI conviction. A conviction for driving with a revoked license was handled at the same time, for which conviction Hansen was sentenced to an additional 30 days' incarceration, such sentences to be served consecutively. On the DUI conviction, her license was revoked for 1 year. Hansen appealed this sentence to the district court for Buffalo County, asserting that the sentence *502 was excessive. The State filed a timely cross-appeal under Neb.Rev.Stat. § 29-2317 (Cum.Supp.2006), contesting the county court's failure to enhance the DUI conviction to a second offense. The district court rejected Hansen's argument that the county court's sentence was excessive and that she should have received probation. The district court also found that a prior conviction under Neb.Rev. Stat. § 60-6,197 (Reissue 2004), the refusal statute, cannot be used to enhance a conviction under Neb.Rev.Stat. § 60-6,196 (Reissue 2004), the DUI statute, under the enhanced penalty provisions of § 60-6,197.03. Pursuant to the provisions of Neb.Rev.Stat. § 29-2315.01 (Cum.Supp. 2006), the State filed an application for leave to docket error proceedings before this court to determine the question of whether a DUI conviction can be enhanced by a prior conviction for refusal of a chemical test.

ASSIGNMENT OF ERROR
The State asserts that the trial court, and in turn the district court, erred in failing to enhance Hansen's conviction for DUI, "over .15," under § 60-6,196 to a second offense based on a prior conviction for refusal to submit to a chemical test under § 60-6,197.

STANDARD OF REVIEW
[2] With respect to questions of law, an appellate court has an obligation to reach an independent conclusion, irrespective of the decision of the court below. See State v. Sanders, 269 Neb. 895, 697 N.W.2d 657 (2005).

ANALYSIS
[3] The issue presented by the State's appeal in this case is whether a prior conviction for a violation of § 60-6,197, the refusal statute, can be used to enhance the conviction for violation of § 60-6,196, the DUI statute, to a second offense when an offender is sentenced under § 60-6,197.03. The last cited statute contains the penalty provisions for sentencing for either refusal to submit to a chemical test or DUI. There is no dispute that Hansen had a prior conviction for refusal under § 60-6,197 and that such was within the statute's 12-year "qualifying" timeframe. That said, whether enhancement is permissible is determined by the definition of "prior conviction" found in § 60-6,197.02, entitled "Driving under influence of alcoholic liquor or drugs; implied consent to submit to chemical test; terms, defined; prior convictions; use," and we quote the pertinent portions of the statute:
(1) A violation of section 60-6,196 or 60-6,197 shall be punished as provided in section 60-6,197.03. For purposes of sentencing under section 60-6,197.03:
(a) Prior conviction means a conviction for a violation committed within the twelve-year period prior to the offense for which the sentence is being imposed as follows:
(i) For a violation of section 60-6,196:
(A) Any conviction for a violation of section 60-6,196;
(B) Any conviction for a violation of a city or village ordinance enacted in conformance with section 60-6,196;
(C) Any conviction under a law of another state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of section 60-6,196; or
(D) Any conviction for a violation of section 60-6,198; or
(ii) For a violation of section 60-6,197[:]
(A) Any conviction for a violation of section 60-6,197;

*503 (B) Any conviction for a violation of a city or village ordinance enacted in conformance with section 60-6,197; or
(C) Any conviction under a law of another state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of section 60-6,197.
The district court's order affirming the county court's denial of enhancement reasoned as follows with reference to § 60-6,197.02:
The purpose of [§ 60-6,197.02] is to define a prior conviction when a person is convicted under section 60-6,196 or 60-6,197 of the Nebraska statutes. A plain reading of the statute indicates the legislature's intent to define prior conviction separately when a person is convicted for a violation of section 60-6,196 and when they are convicted of a violation [of] section 60-6,197. The decision to define prior convictions differently for the two offenses is readily apparent in that the definitions ... are set forth in separate subparagraphs notably (i) and (ii). Although the statutory language is not as clear as it could have been and no legislative history has been provided to this court by either party, this court believes that the interpretation of the statute by the county court was in fact proper and the appeal of the State is without merit.
This causes us to turn to the county court's decision not to enhance the instant conviction for DUI, "more than .15," because the earlier conviction for refusal under § 60-6,197 was not a qualifying "prior conviction." The county court, in its comments from the bench in refusing to enhance, reasoned that it did not see any "cross over" in § 60-6,197.02 in that "[r]efusal isn't listed under DUI and DUI isn't listed under [r]efusal." Hansen's memorandum brief argues first that the elements of the crimes of DUI and refusal to submit to chemical testing are different, and of course we agree. Hansen then submits, and we quote:
It is simply strained logic to assert that a motorist having been convicted of previously refusing a chemical test is presumed to have been under the influence and therefore that previous conviction can be used to enhance a subsequent [DUI] conviction. These are two crimes that although related to driving, are completely different and just happen to have the same penalty. To commit one offense in 2006 and a completely different offense in 2007 and enhance [its] penalty defies reason.
[4] The State's position is simply that we need only give the statutory language of § 60-6,197.02 its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain meaning. See State v. Flye, 245 Neb. 495, 513 N.W.2d 526 (1994). Section 60-6,197.03 provides enhanced penalties by enhancing the conviction presently before the court for which sentencing is occurring in the event there are "prior convictions." Section 60-6,197.02 is structured by first articulating the two different crimes for which there can be enhancement because of a "prior conviction." The first category of crime before the court for sentencing is found at "(i) For a violation of § 60-6,196," the DUI statute, and the second category of crime is found at "(ii) For a violation of § 60-6,197," the refusal statute. Hansen's "violation" for which she was being sentenced was in category (i), DUI, and in the statute after (i), there is a list of four convictions which can be a "prior conviction," beginning with "(A) Any conviction for a violation of section 60-6,196"; all four categories *504 for prior conviction involve DUIwhether under Nebraska statute, a city or village ordinance, or the law of another state. And none of the four categories which can be a "prior conviction" involve in any way a previous conviction under § 60-6,197, the refusal statute.
After category "D," the statute's language is "or (ii) For a violation of section 60-6,197," the refusal statute, which the State uses to argue that a previous conviction for refusal can also be used as a prior conviction when the court is passing sentence under "(i) For a violation of section 60-6,196" the DUI statute. However, the "or" is in reference to the other crime for which there can be enhancing prior convictions"a violation of section 60-6,197," the refusal statute. And again the same scheme is repeated in that three kinds of prior convictions(A), (B), and (C)are listed, but here the prior convictions are not for DUI-type crimes, but, rather, for refusal crimes under Nebraska statute, city or village ordinance, or another state's refusal statute that is equivalent to Nebraska's.
[5,6] In short, when a judge is sentencing for a violation of our DUI statute, the present offense can be enhanced by prior DUI convictions, and when a judge is sentencing for refusal, the offense then before the court can be enhanced, but only by prior refusal convictions. But, as said by the county court, there is no "cross over" under the plain language of the statute because when sentencing for a DUI conviction, a previous refusal conviction is not in the list of convictions that are "prior convictions," and when sentencing for a refusal conviction, a previous DUI conviction is not in the list of "prior convictions" which can be used to enhance the refusal conviction. The State, citing State v. Flye, supra, argues that the rule of law applicable here is that we need only give the statutory language of § 60-6,197.02 its plain and ordinary meaning, and when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain meaning. We agree with the State's view of the applicable law concerning statutory interpretation. However, our plain reading of the statute is different than the State's. We cannot read the statute any differently than did the county court and the district court, given that Hansen was before the court for a DUI conviction, and the alleged "prior conviction" was a refusal convictionbut such is not within the statutorily listed "prior convictions" for a DUI conviction. because the statute is clear, we do not resort to legislative history. Whether this is the result the Legislature intended is unknown, but the statute "says what it says." Accordingly, we affirm the decision of the lower courts.
AFFIRMED.